**In re MAZAMA TIMBER PRODUCTS, INC., an Oregon corporation; dba Emerald Valley Golf Course; Emerald Valley Health Club; Emerald Valley Sports Center and Emerald Valley Forrest Inn, Debtor-in-possession.**

Bankruptcy No. 683–07505(a).

United States Bankruptcy Court,
D. Oregon.

Nov. 8, 1983.

George L. Evans, Salem, Oregon, for movant.

Wilson C. Muhlheim, Eugene, Or., for debtor-in-possession.

## MEMORANDUM OPINION and ORDER

C.E. LUCKEY, Bankruptcy Judge.

Raymond P. Thorne, Assistant Director for Employment, Department of Human Resources, State of Oregon has moved for an order of this Court granting relief from the automatic stay imposed by 11 U.S.C. § 362 to continue administrative proceedings pursuant to ORS 657.683 based upon 11 U.S.C. § 362(b)(4) and (5). Debtor-in-possession, Mazama Timber Products, Inc. (Mazama), opposes the motion contending the administrative proceedings movant seeks to pursue do not come within the exceptions to the automatic stay contained in 11 U.S.C. § 362(b)(4) and (5).

Following an audit by the Employment Division, Notice of Deficiency Assessment was served pursuant to ORS 657.681(3) upon Mazama on December 15, 1981. The assessment asserted obligation by Mazama for unemployment insurance upon remuneration paid to certain named individuals which had not been reported to the Employment Division in Mazama's regular quarterly payroll.

Mazama requested an administrative hearing on the assessment, within the time allowed by ORS 657.681(5), contending in its Request for Hearing that the individuals in question were not employees of Mazama, but were instead "independent contractors" so that no unemployment taxes were due upon their remuneration. The matter was first scheduled for hearing on May 19, 1982, but was postponed at Mazama's request with consent of the Employment Division.

An Amended Deficiency Assessment was issued on May 14, 1982 to correct certain errors which occasioned the aforementioned postponement. Mazama responded with another Request for Hearing. The matter was again scheduled for hearing on June 15, 1983 by Notice of Hearing dated May 16, 1983. On May 18, 1983 the Employment Division received notice of the filing of the Chapter 11 petition of the debtor-in-possession which was filed on May 10, 1983. By notice and order of postponement dated May 20, 1983, the pending hearing was postponed until further notice.

The parties frame the central issue in this adversary proceeding as whether the pending administrative proceeding to determine whether the debtor is liable for a deficiency in unemployment tax payments is subject to the automatic stay of 11 U.S.C. § 362. The focus of the parties' legal arguments is on the question of whether proceedings under Chapter 657 of the Oregon Revised Statutes, the Oregon Employment Division Law, are an exercise of a governmental unit's police or regulatory power within the ambit of the 11 U.S.C. § 362(b)(4) and (5) exceptions to the automatic stay. The Court does not need to reach and specifically does not reach or address that issue in this case because the Court finds that "cause" exists under 11 U.S.C. § 362(d)(1) to modify the stay to permit the Employment Division to proceed with administrative determination of the Amended Deficiency Assessment issued on May 14, 1982 with any collection remedies such as those contained in ORS 657.515, 657.525, 657.530, 657.540 and 657.642 as acknowledged by counsel for the Employment Division to remain stayed by 11 U.S.C. § 362.

This Court finds that the administrative agency established under state law to administer ORS Chapter 657 is particularly well-suited to resolve the issues involved in the contested Assessment. This Court defers to the state forum for determination of the validity of the Assessment pursuant to state law but retains this Court's exclusive jurisdiction to determine matters of allowa-

bility and dischargeability of any claim which may be made against the debtor-in-possession as a result of the determination by the state agency.

The thrust of the hearing pending is not the collection of a tax but a determination of the status of those parties Mazama asserts were not "employees" under statutes of Oregon.

Continuation of the stay as to any collection remedies is compatible with protection of the bankruptcy estate.

The suitability of the state forum and the absence of prejudice to the bankruptcy estate are a basis for finding "cause" under 11 U.S.C. § 362(d)(1) and the stay is ordered modified to permit the Employment Division to proceed with determination of the Amended Deficiency Assessment issued on May 14, 1982. Any collection remedies such as those contained in ORS 657.515, 657.525, 657.530, 657.540 and 657.642 remain subject to the automatic stay of 11 U.S.C. § 362. This Memorandum Opinion and Order contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 7052 they will not be separately stated.